UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE SANCHEZ,

    Petitioner,

    v.      CAUSE NO. 3:22-CV-46-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jose Sanchez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-10-343) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with the loss of 180 days credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Sanchez argues that he is entitled to habeas relief because weapon was found on a shelf in a cell that he shared with another inmate and because a third inmate admitting to ownership of the weapon and to placing it on the shelf.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1] The administrative record includes a conduct report in which a correctional officer represents that he found a weapon on a shelf in the cell that Mr. Sanchez shared with his cellmate but that he could not determine who was responsible for the shelf and that neither cellmate claimed it. ECF 1-1 at 3. It also includes photographs of weapon. *Id.* at 8-9. The conduct report and the photograph constitute some evidence that Mr. Sanchez committed the offense of possessing a weapon as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

In sum, Mr. Sanchez has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Sanchez wants to appeal this decision, he does not

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jose Sanchez leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 25, 2022               *s/ Damon R. Leichty*
                               Judge, United States District Court